UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00651-JPH-DLP |
| | ) |
| INDIANAPOLIS INDIANA POLICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING COMPLAINT**

## I. Granting *In Forma Pauperis* Status

Plaintiff Thomas Bell's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Bell to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

## II. Screening

### A. Screening Standard

The Court has the inherent authority to screen Mr. Bell's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.*

1

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Complaint

Mr. Bell alleges in a printed email labeled "Complaint Petition" that he was involved in a recent car accident when someone "illegally manipulat[ed] the stop light[s]," causing him to hit another driver who pulled in front of him. Dkt. 1. Mr. Bell believes this was an act of racial discrimination and was in retaliation for his political activity. *Id.* He also believes that this is part of a case being built against him to put him in jail. *Id.*

### C. Discussion of Claims

Mr. Bell's complaint does not specify any defendants or present a "story that holds together" about what any defendants did. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). It therefore must be dismissed for failure to state a claim because it does not "state a claim to relief that is

2

plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mr. Bell **SHALL HAVE through April 30, 2020** to file an amended complaint. An amended complaint should explain the basis for this Court's jurisdiction, specify the defendants against whom claims are raised, and explain what those defendants did, and when. *See* Fed. R. Civ. P. 8(a); 12(b). If Mr. Bell does not file an amended complaint, the Court will dismiss this case with prejudice without further notice.

**SO ORDERED.**

Date: 3/19/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS PHILLIP BELL
4521 E. Washington Street
Apt. A2
Indianapolis, IN 46201